IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CARL ANDRE MOORE, #234270,          )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )          CIVIL ACTION NO. 2:05-CV-669-F
                                    )
BOB RILEY, et al.,                  )
                                    )
            Defendants.             )

**O R D E R**

On July 19, 2005, the plaintiff filed a complaint in which he seeks to challenge actions that have occurred since his incarceration within the Alabama prison system.[1]  However, all claims arising from actions which occurred prior to July 19, 2003 are barred by the limitation period applicable to 42 U.S.C. § 1983 actions filed in this court.  *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for section 1983 suits is the forum state's general or residual statute of limitations for personal injury actions.); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).  Alabama law directs that the general statute of limitations for personal injury actions is two years.  *See Ala. Code* § 6-2-38(l).  Thus, any claims Moore seeks to present with respect to actions that occurred from prior to

---

[1]Although the complaint was stamped "filed" in this court on July 20, 2005, the plaintiff certified that he executed the complaint on July 19, 2005.  The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Moore] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  The court therefore considers July 19, 2005 as the date of filing.

July 19, 2003 are barred by the applicable two-year period of limitation.  Additionally, the court notes that Moore fails to allege any specific claims relative to his confinement and merely cites to general conditions of confinement in the Alabama prison system as referenced in an editorial from *The Birmingham News*.  Accordingly, it is

ORDERED that on or before August 15, 2005 the plaintiff shall file an amended complaint which:

1.  Presents claims relative to actions that occurred ***on or after*** July 19, 2003.

2.  Lists specific claims for relief in separate counts.  The plaintiff is advised that these claims (i) must relate to conditions of confinement to which he has personally been subjected during his confinement, and (ii) must have occurred at a prison facility located within the jurisdiction of this court.

3.  Asserts with clarity those factual allegations that are material to each specific count.

4.  Specifically describes how each defendant violated his constitutional rights.  In responding to this directive, the plaintiff should set forth short and plain statements showing why he is entitled to relief.  Each allegation in the pleading should be simple, concise and direct.  *See* Rule 8, *Federal Rules of Civil Procedure*.

5.  States the precise relief he seeks from this court.

The plaintiff is advised that this case will proceed solely on those claims presented in the amended complaint and only against the defendants who are properly named in the amended complaint.  The plaintiff is **cautioned** that if he fails to properly respond to this

order this case will be dismissed for such failure.

Done this 26th day of July, 2005.

_____/s/Charles S. Coody_____

CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE