IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL ANDRE MOORE, #234270,, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>BOB RILEY, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 2:05-CV-669-F<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 20, 2005, Carl Andre Moore ["Moore"], a state inmate, filed the instant 42 U.S.C. § 1983 action. In light of the mere conclusory allegations of general constitutional violations presented by the plaintiff, the court entered an order requiring that Moore file an amended complaint. *See Order of July 26, 2005 - Court Doc. No. 2* at 2. Additionally, Moore did not file the $250.00 filing fee nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* with the requisite documentation from the account clerk at the Montgomery Community Work Center. Thus, the court did not have the information necessary to determine whether Moore should be allowed to proceed *in forma pauperis* in this case and, therefore, entered an order requiring that he provide the court with such information. *See Order of July 26, 2005 - Court Doc. No. 4* at 1-2 ("on or before August 15, 2005 the plaintiff shall file either the appropriate affidavit in support of his motion for leave to proceed *in forma pauperis* accompanied by a prison account statement from the account clerk at the Montgomery Community Work Center showing the average

monthly balance in plaintiff's prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to plaintiff's account during the past six months *or* the $250.00 filing fee."). The aforementioned orders specifically cautioned Moore that his failure to comply with the directives contained in these orders would result in the dismissal of this case. *See Court Doc. No. 2* at 2-3 and *Court Doc. No. 4* at 2. Moore filed nothing in response to the orders entered on July 26, 2005.

In light of the foregoing, the court entered an order requiring that "the plaintiff ... show cause why his complaint should not be dismissed for his failure to file an amended compliant and provide the requisite financial information as required by the orders entered on July 26, 2005." *Order of August 22, 2005 - Court Doc. No. 11*. The court again specifically cautioned Moore that if he failed to respond to this order his case would be dismissed. *Id*. The plaintiff has not filed an amended complaint nor has he submitted requisite financial information or the $250 filing fee. The court therefore concludes that the instant cause of action should be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action. It is further

ORDERED that on or before **October 5, 2005** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of September, 2005.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE